1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELANIE R.,

　　　　　　　　Plaintiff,

　　v.

COMMISSIONER OF SOCIAL SECURITY,

　　　　　　　　Defendant.

CASE NO. C22-5533-BAT

**ORDER AFFIRMING THE
COMMISSIONER'S DECISION**

　　Plaintiff appeals the ALJ's decision finding her not disabled.  She contends the ALJ misevaluated certain medical opinions, her testimony and her husband's testimony.  Dkt. 13 at 1. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

　　Plaintiff is currently 54 years old, has a high school diploma and some community college education, and has worked as a certified nursing assistant, office worker, and property manager.  Tr. 89, 208, 500.  In March 2018, she applied for benefits, and subsequently amended her alleged onset date to October 22, 2016.  Tr. 187-93, 1417.  Her application was denied initially and on reconsideration.  Tr. 124-26, 128-30.  The ALJ conducted a hearing in May 2019 (Tr. 60-99), and subsequently found Plaintiff not disabled.  Tr. 41-55.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

1    The Appeals Council denied Plaintiff's request for review (Tr. 1-7), and Plaintiff sought

2    judicial review.  The U.S. District Court for the Western District of Washington reversed the

3    ALJ's decision and remanded for further administrative proceedings.  Tr. 1483-89.  On remand,

4    the ALJ held a hearing (Tr. 1439-77), and subsequently issued a decision finding Plaintiff not

5    disabled.  Tr. 1417-32.  As the Appeals Council did not assume jurisdiction, the ALJ's decision

6    is the Commissioner's final decision.

**DISCUSSION**

**A.    Medical Opinions**

9    Plaintiff contends the ALJ misevaluated the opinion of Steven Nadler, M.D., and

10   the opinions of State agency medical consultants.  The ALJ was required to articulate the

11   persuasiveness of each medical opinion, specifically with respect to whether the opinions are

12   supported and consistent with the record.  20 C.F.R. § 404.1520c(a)-(c).  An ALJ's consistency

13   and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*,

14   32 F.4th 785, 792 (9th Cir. 2022).

15         *1.    Steven Nadler, M.D.*

16   In May 2016, Dr. Nadler examined Plaintiff in connection with a worker's compensation

17   claim and prepared a narrative report, and an April 2017 addendum, describing Plaintiff's

18   symptoms and limitations.  Tr. 288-89, 332-44.  Dr. Nadler opined Plaintiff's allegations were

19   inconsistent with the objective findings, and found Plaintiff could return to her past job (if her

20   back surgery was not administratively accepted as related to her workplace injury) or was limited

21   to "sedentary" work limited to lifting no more than 15-20 pounds and no repeated bending (if her

22   back surgery was administratively accepted as related to her workplace injury).  Tr. 342-44.  Dr.

23   Nadler also opined Plaintiff's back and shoulder condition had been only "temporarily"

1    aggravated by her workplace injury and had since resolved.  *See* Tr. 343.  Finally, Dr. Nadler

2    indicated no workplace restrictions were caused by Plaintiff's shoulder condition.  *Id.*

3           The ALJ accepted Dr. Nadler's indication Plaintiff's complaints were inconsistent with

4    the objective findings because the evidence showed Plaintiff's condition improved with physical

5    therapy.  Tr. 1427.  However,the ALJ rejected other portions of Dr. Nadler's opinion as

6    internally inconsistent, including whether Plaintiff could return to her past work or was more

7    limited, which appeared contingent on administrative acceptance of Plaintiff's back surgery.  Tr.

8    1427-28.  The ALJ also noted although Dr. Nadler used the term "sedentary" work, his use of

9    this term was inconsistent with that term as used in Social Security disability evaluations because

10   "light" jobs with a sit/stand option can also be performed by people who cannot stand or walk

11   more than two hours and can lift no more than 20 pounds.  Tr. 1428.  The ALJ also discounted

12   Dr. Nadler's opinion Plaintiff was limited to two hours of standing and walking, as inconsistent

13   with Dr. Nadler's statement Plaintiff's shoulder and back conditions had resolved, her

14   complaints were inconsistent with the objective findings, and Plaintiff could return to her past

15   job.  *Id.*  The ALJ further found this portion of Dr. Nadler's opinion was inconsistent with

16   Plaintiff's activities — specifically hunting with a crossbow, fishing, and driving a motorhome

17   from Washington to California and Alaska — as well as her reports of improvement with

18   physical therapy.  *Id.*

19          Plaintiff first argues the ALJ misevaluated the doctor's opinions by incorrectly

20   suggesting the specific limitations Dr. Nadler identified are consistent with a light RFC because

21   Dr. Nadler limited Plaintiff to sedentary work.  Dkt. 13 at 12.  The argument fails because in this

22   decision, the ALJ did not find the RFC assessment was consistent with Dr. Nadler's opinion; the

23   prior ALJ decision included that finding.  *See* Tr. 51.

1    Next, Plaintiff argues the ALJ erroneously deemed Dr. Nadler's use of the term
2  "sedentary" work was technically inaccurate for purposes of a social security disability claim as
3  Washington's worker's compensation program uses similar terminology.  Dkt. 13 at 12.  The
4  Court rejects the argument because the ALJ found based upon the limitations the doctor assessed
5  and the vocational experts testimony that there were jobs Plaintiff could perform, regardless of
6  the work level label the doctor used.

7    Next, Plaintiff contends the ALJ erroneously relied on vocational expert ("VE")
8  testimony to determine Plaintiff's RFC, arguing the ALJ must determine the RFC exertional
9  category  *before* consulting the VE.  Dkt. 13 at 12.  Plaintiff cites no authority in support of this
10  argument. However, the Court notes Plaintiff is correct that the sequential evaluation process the
11  ALJ must apply normally requires the ALJ to make a RFC before proceeding to step four. The
12  ALJ's decision itself states "before considering step four of the sequential evaluation process, I
13  must first determine the claimant's residual funcation capacity." Tr. 1419.

14    Assuming without deciding the ALJ should have made the RFC determination in this
15  case before the VE testified, and thus erred, the Court finds Plaintiff has not shown harm.
16  Agency guidance specifically permits ALJs to engage in a colloquy with VEs, posing multiple
17  hypotheticals as part of the decision-making process, as the ALJ did here (Tr. 1464-73).  *See,*
18  *e.g.*, Hearings, Appeals and Litigation Law Manual I-2-6-74(C)-(D), *available at*
19  https://www.ssa.gov/OP_Home/hallex/I-02/I-2-6-74.html (last visited Jan. 24, 2023).  There is
20  no evidence the ALJ was motivated by the impermissible results-based reverse-engineering
21  suggested by Plaintiff.  *See* Dkt. 15 at 4, 7 (accusing the ALJ of "fishing for occupations and job
22  numbers" from the VE).

23    Additionally, although Plaintiff notes the ALJ was required to determine whether the

1    Medical-Vocational Guidelines ("the Grids") would direct a finding of disability before

2    obtaining VE testimony, the ALJ's decision complies with this requirement.  *See* Tr. 1431

3    (before entering alternative step-five findings, in reliance on VE testimony, the ALJ applied the

4    Grids to find that if Plaintiff could perform the full range of light work, she would be found not

5    disabled, and that her ability to perform the full range of light work was also impeded by

6    additional limitations).  Plaintiff cites no authority the ALJ must perform this step before

7    eliciting VE testimony at the hearing.

8           Next, Plaintiff challenges the ALJ's finding Dr. Nadler's opinion was inconsistent with

9    the record, citing evidence she argues is consistent with the doctor's conclusions.  Dkt. 13 at 13-

10   14.  This argument asks the Court to reweigh the evidence, which is something the Court cannot

11   do.  Instead, the Court must focus on the ALJ's assessment of Dr. Nadler's opinion, and the

12   record rather than assessing the record to determine whether other evidence could have been

13   found inconsistent with the opinion.  *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir.

14   1997) ("[T]he key question is not whether there is substantial evidence that could support a

15   finding of disability, but whether there is substantial evidence to support the Commissioner's

16   actual finding that claimant is not disabled.").  Here, the ALJ found Dr. Nadler's opinion

17   Plaintiff was limited to two hours of standing/walking unpersuasive because it was inconsistent

18   with Plaintiff's activities as well as the evidence of her improvement with physical therapy.  Tr.

19   1428.  Even if, as Plaintiff argues (Dkt. 15 at 4-6), the ALJ erred in finding Plaintiff's activities

20   were inconsistent with a limitation to two hours of standing/walking per day, Plaintiff has

21   presented no argument the ALJ erred in finding that such a limitation was inconsistent with

22   Plaintiff's improvement with physical therapy, and thus failed to meet her burden to show

23   harmful error in this aspect of the ALJ's decision.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 5

1    The Court also cannot say that the ALJ's assessment of the record is unreasonable and

2    that substantial evidence thus does not support the ALJ's determination to discount the doctor's

3    opinion as inconsistent with the record.

4    Lastly, Plaintiff argues the ALJ erred in finding Dr. Nadler's restriction to sedentary

5    work was inconsistent with his own examination findings, but there is no such reasoning in the

6    ALJ's decision.  Again, Plaintiff references the prior ALJ decision rather than the decision

7    currently on appeal.  *See* Dkt. 13 at 14 (citing Tr. 51).  In this case, the ALJ found Dr. Nadler's

8    examination findings show Plaintiff's complaints are inconsistent with the objective findings of

9    record; the ALJ also referenced the internal inconsistency between Dr. Nadler's finding Plaintiff

10   could return to her prior work or in the alternative perform only sedentary work.  Tr. 1427-28.

11   But because the ALJ did not contrast a restriction to sedentary work with Dr. Nadler's

12   examination findings, this portion of Plaintiff's brief does not pertain to the ALJ decision

13   currently on appeal.

14   In sum, Plaintiff has failed to establish the ALJ harmfully erred in evaluating Dr.

15   Nadler's opinion.

16   **2.    *State Agency Medical Consultants***

17   The State agency medical consultants opined Plaintiff was limited to *inter alia* four hours

18   of standing/walking per day, and could handle on an occasional basis.  Tr. 106-10, 118-22.  The

19   State agency consultants also described Plaintiff as limited to both less than a full range of light

20   work, or sedentary work.  *Id*.  The ALJ found most of the State agency opinions persuasive,

21   except the ALJ explicitly found the handling limitation was unpersuasive because "there is no

22   impairment that supports this limitation" and such a limitation was inconsistent with the record,

23   specifically Dr. Nadler's opinion that Plaintiff had no limitations related to her shoulder

condition.  Tr. 1426.  The ALJ further indicated although the State agency consultants referred to

Plaintiff as limited to sedentary work, the VE testified that even if Plaintiff was limited to two

hours of standing and walking (which would be more restricted than the consultants found

Plaintiff to be), Plaintiff could nonetheless perform some light jobs if a sit/stand option was

available.  Tr. 1426.  The ALJ found the VE's testimony to be more reliable as to the exertional

category describing Plaintiff's RFC than the State agency consultants' opinion.  *Id*.

Plaintiff challenges the ALJ's assessment of the State agency opinions, raising some of

the same arguments made as to Dr. Nadler's opinion.  First, Plaintiff argues the ALJ failed to

provide legally sufficient reasons to find the handling limitation identified by the State agency

consultants (Dkt. 13 at 6), but does not provide any further explanation as to why the ALJ's

reasoning was insufficient.  The ALJ found the handling limitation to be inconsistent with the

evidence of Plaintiff's improvement after surgery and inconsistent with Dr. Nadler's opinion that

Plaintiff's shoulder condition did not result in any handling limitations.  *See* Tr. 1426.  Plaintiff

emphasizes she alleged pain in her wrist, and assumes the State agency consultants credited that

allegation (Dkt. 13 at 8), but the ALJ did not find any wrist-related impairment at step two and

Plaintiff does not assign error to that finding.  *See* Tr. 1420.  Plaintiff has thus not shown the ALJ

erred in noting "there is no impairment that supports" the handling limitation, and accordingly

the ALJ's RFC assessment accounts for the credible limitations related to her medically

determinable impairments.  *See* 20 C.F.R. § 404.1545(a)(2).  Plaintiff has not shown the ALJ's

reasoning was unreasonable or not supported by substantial evidence, and thus has failed to show

any error in the ALJ's consistency finding.

Next, Plaintiff argues the ALJ erred in citing VE testimony as more persuasive than the

State agency opinions as to the correct exertional label for Plaintiff's RFC.  Dkt. 13 at 7.  But the

ALJ was not required to use an exertional label in describing Plaintiff's RFC.  *See, e.g.*, SSR 96-8p, 1996 WL 374184, at *1 (Jul. 2, 1996) (explaining that an ALJ's "RFC assessment must first identify the [claimant's] functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis," specifically the physical, mental, and other abilities affected by a claimant's impairments).  The ALJ's RFC assessment is consistent with the functional limitations identified by the State agency consultants, and the ALJ merely rejected the categorical label.  Plaintiff has not shown the ALJ's rejection of one of the categorical labels used by the State agency consultants resulted in prejudicial harm, given the ALJ was not required to refer to a categorical label at all.

Moreover, the State agency opinions described exertional limitations that place Plaintiff between the categories of sedentary and light, and the ALJ's adoption of those limitations properly led the ALJ to obtain VE testimony at the hearing.  *See* SSR 83-12, 1983 WL 31253 (Jan. 1, 1983) (where an individual's RFC falls between two exertional categories with contrary disability conclusions under the Grids, an ALJ appropriately consults a VE at hearing); *Moore v. Apfel*, 216 F.3d 864, 867, 870-71 (9th Cir. 2000) (finding ALJ properly relied on VE's testimony where a claimant's exertional limitations placed him between sedentary and light, and where he also had non-exertional limitations).  Plaintiff has not shown the ALJ erred in determining her RFC, or in obtaining and relying upon VE testimony to find Plaintiff not disabled.

**B.   Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony because: (1) Plaintiff's activities were inconsistent with her alleged symptoms and limitations, (2) the objective evidence fails to corroborate Plaintiff's testimony, (3) Plaintiff's treatment was conservative, and (4) Plaintiff's conditions improved with treatment.  Tr. 1421-25.  In the absence of evidence of malingering, an

1  ALJ is required to provide clear and convincing reasons to discount a claimant's testimony.  *See*

2  *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

3      Plaintiff contends the ALJ erred in relying on activities that are not actually inconsistent

4  with her allegations.  Dkt. 13 at 9-11, 17.  As explained in a prior court remand order (Tr. 1487-

5  88), the Court finds some merit in this contention, but finds any error in the ALJ's reliance on

6  Plaintiff's activities is harmless in light of the other reasons provided by the ALJ.  The ALJ did

7  not err in discounting Plaintiff's allegations based on her course of conservative treatment as

8  well as her improvement with treatment, despite her hearing testimony to the contrary.  *See* Tr.

9  1424-25; *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (stating that "evidence of

10  'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an

11  impairment"); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999)

12  (contrary to plaintiff's claims of lack of improvement, physician reported symptoms improved

13  with use of medication).

14      Plaintiff also contends the ALJ erred in failing to acknowledge Plaintiff's claim of sleep

15  disruption and the fatigue she experiences as a medication side effect.  Dkt. 13 at 17.  But the

16  ALJ did acknowledge Plaintiff's sleep problems (Tr. 1421), and Plaintiff has not pointed to any

17  evidence showing Plaintiff's fatigue caused limitations beyond those summarized by the ALJ.

18  *See* Dkt. 13 at 17 (citing Tr. 252 (Plaintiff's report to the agency that certain pain medications

19  make her sleepy)).  Plaintiff has not shown the ALJ failed to appreciate the extent of her

20  allegations, and thus has not shown error in this part of the ALJ's assessment of her testimony.

21  **C.      Plaintiff's Husband's Statement**

22      Plaintiff's husband completed two written statements describing Plaintiff's limitations,

23  and concluding Plaintiff "will never be able to have a viable job again."  *See* Tr. 217-24, 278.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 9

1    The ALJ summarized Plaintiff's husband's statements and found the limitations he described

2    were inconsistent with the objective medical evidence as well as inconsistent with the activities

3    he and Plaintiff described.  Tr. 1429.  The ALJ also found Plaintiff's husband's statement

4    Plaintiff could not work again touches on an issue reserved to the Commissioner.  *Id*.  An ALJ

5    must explain why significant, probative evidence is rejected, *Vincent v. Heckler*, 739 F.2d 1393,

6    1394-95 (9th Cir. 1984), and Plaintiff contends the ALJ's reasons for rejecting her husband's

7    statements are legally insufficient.

8        Plaintiff contends the ALJ erred in finding her husband's statements to be inconsistent

9    with the medical evidence because they are in fact consistent with certain objective findings

10   referenced in Dr. Nadler's opinion.  Dkt. 13 at 15.  While both Dr. Nadler and Plaintiff's

11   husband indicated Plaintiff has limitations, they did not reach consistent conclusions as to the

12   impact of her limitations.  Dr. Nadler opined Plaintiff's limitations would not prevent her from

13   returning to her past job and/or performing a different job with limited lifting and no repeated

14   bending, whereas Plaintiff's husband stated Plaintiff's limitations were so severe as to preclude

15   all work.  The Court thus cannot say it was unreasonable for the ALJ to find the medical

16   evidence is inconsistent with the degree of limitations described by her husband, or in

17   discounting her husband's statement on this basis.

18       Furthermore, any error in the ALJ's assessment of Plaintiff's husband's statements would

19   be harmless because Plaintiff's husband's statements are similar to Plaintiff's, and the ALJ

20   properly discounted Plaintiff's statements.  *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574

21   F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for

22   rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony

23   was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 10

[the lay witness's] testimony").

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 26th day of January, 2023.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 11